# CIRCUIT COURT OF THE CITY OF DANVILLE

Lawrence Williams, Jr.

v.

Danville Regional
Medical Center et al.

October 14, 2008

Case No. 07-288CL

By Judge David A. Melesco

The sole issue before the court is the discoverability of the defendant's policies and procedures in place at the time the alleged incident took place.

Based on counsel's knowledge of the applicable caselaw, there is no need for me to go into a great deal of detail of how my decision was arrived at. I would refer counsel to an excellent Law Review essay contained in the University of Richmond's Annual Survey of Virginia Law. The essay is titled "Discovery Divide: Virginia Code Section 8.01-581's Quality Assurance Privelege and Its Protection of Healthcare Provider Policies and Incident Reports," 39 University of Richmond Law Review 61 (2004). A short one sentence paragraph sums up the current state of the law. "As noted above, circuit courts are equally divided on whether policies are privileged from discovery." 39 University Richmond Law Review at page 67.

As counsel aptly pointed out, there is no clear guidance from our Supreme Court on this issue. I have read a number of circuit court cases that lead to the two differing results. I find Judge McGrath's opinion in the case *Bradburn v. Rockingham Memorial Hosp.*, 45 Va. Cir. 356 (1998), to be the best reasoned analysis of the issues. He wrote:

> Clearly, the internal dialogue and the give and take of the peer review process, which lead up to and are an integral part of developing the policies, procedures, and protocols of medical care providers are exempted from discovery in the absence of good cause shown. However, the actual product that is generated thereby, which are generally policy and procedure manuals that are intended to be followed by all of the hospital

staff and attending physicians are not part of the deliberative process but are the final result thereof and do not share in the privilege conferred by the statute. Therefore, it is this Court's holding that the privilege granted by § 8.01-581.17 does not protect from discovery the final result of the peer review activity, that is the policies, procedures, and practices manuals that are ultimately promulgated by the health care providers and which are used to govern the operations of the hospital.

45 Va. Cir., at p. 363.

For the above reasons the motion to compel is granted.